UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LAURENCE LOVEJOY,                )
   Plaintiff,                              )
                                                 )
vs.                                               )          Case No. 22-3032
                                                 )
CAMERON WATSON, et. al.,     )
   Defendants                          )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

     This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     Plaintiff, a *pro se* prisoner, has filed a 215-page complaint including exhibits alleging 15 Defendants violated his constitutional rights at Western Illinois Correctional Center. The Defendants include Wardens Cameron Watson, Justin Hammers, and Brittany Greene; Illinois Department of Corrections (IDOC) Director Rob Jeffreys; Administrative Review Board (ARB) Members DeAnna Kink, Debbie Knauer, and Sherry Benton; Nursing Director Hays; Nurses Givens and Parker; Nurse Practioner Clarkson; Healthcare Unit (HCU) Administrator Ashcraft; Dr. Zorian Trusewych; Wexford Health Services; and Correctional Officer Hill Ruhl.

1

Plaintiff is an experienced litigator have filed several lawsuits pursuant to 42 U.S.C. §1983. *See Lovejoy v. Jones*, Case No. 08-1171; *Lovejoy v. Watson*, Case No. 19-3298; and *Lovejoy v Goins*, Case No. 20-3023 in the Central District of Illinois; *Lovejoy v. Zaruba*, Case No. 06-3455 and *Lovejoy v. Zaruba*, Case No. 06-0094 in the Northern District of Illinois; *Lovejoy v. Lashbrook,* Case No. 19-0016; *Lovejoy v.Lashbrook,* Case No. 19-0021; *Lovejoy v. Lafond,* 19- 969; *Love v. Goins,* Case No. 20-088; *Lovejoy v. Lashbrook,* Case No. 20-0087 in the Southern District of Illinois.  Nonetheless, while Plaintiff's complaint identifies five specific "claims," he has combined unrelated allegations against different Defendants. (Comp, p. 32-48).  The Seventh Circuit has held a litigant cannot avoid paying filing fees or "dodge" the three strikes provision of 28 U.S.C. §1915(e) by filing unrelated claims in one lawsuit. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007). "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.*

Plaintiff is advised he cannot combine unrelated claims simply by naming a Warden as a Defendant for each claim.  The mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. See *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)(supervisors are not liable for the errors of their subordinates).  In addition, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George,* 507 F.3d at 609.

Finally, Plaintiff is advised "prison officials incur no liability under § 1983 if they fail or refuse to investigate a prisoner's complaints or grievances." *Pryor v. Atkins*, 2021 WL 2454241, at *2 (S.D.Ill. June 16, 2021).  "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by person who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

Without considering the validity or viability of Plaintiff's allegations, Plaintiff has identified the following claims:

1) Defendant Officer Ruhl retaliated against the Plaintiff and denied him access to the Courts on Friday June 11, 2021 when he confiscated documents Plaintiff was using to file an unspecified complaint. *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

2) Defendant Dr. Trusewych violated Plaintiff's Eighth Amendment rights when he was deliberately indifferent to Plaintiff's serious medical condition, migraines. The Defendant delayed prescribing Tylenol 3 for approximately six months.  In addition, Defendant Dr. Trusewych refused to renew Plaintiff's Tylenol 3 prescription when it was later canceled and refused to send Plaintiff to an outside provider.

3) Defendant Clarkson was deliberately indifferent to Plaintiff's serious medical condition, migraines, when she canceled Plaintiff's prescription for Tylenol 3.

4) Defendant Wexford was deliberately indifferent to Plaintiff's serious medical condition, migraines.

5) Defendant Parker retaliated against the Plaintiff on February 5, 2020 and Defendant Givens retaliated on October 9, 2020 when they denied Plaintiff medication for his chronic migraines.  The Defendants took this action in retaliation for Plaintiff's previous, unspecified complaints and grievances. *See Hoban v. Godinez,* 502 Fed.Appx. 574, 577 (7th Cir. 2012).  Plaintiff reported this conduct to Defendant Nursing Director Hayes who failed to take any action.

6) Defendants Clarkson and Dr. Dr. Trusewych violated Plaintiff's First Amendment rights because they refused to provide medical care in retaliation for Plaintiff's previous, unspecified grievances or lawsuits.

7) Unspecified Defendants violated Plaintiff's equal protection rights based on the medical care provided.

Plaintiff cannot combine his medical claims with his claims against Defendant Ruhl.  The Court will allow Plaintiff time to choose which claims he wishes to pursue in this lawsuit and file an amended complaint.[1]  Plaintiff is admonished his amended complaint must stand complete on its own and must not refer to his previous complaint.   Plaintiff is also advised any complaint must abide by Federal Rule of Civil Procedure 8 which requires a short and plain statement of the intended claims. *See* Fed.R.Civ.P. 8 (a)(2). Therefore, to avoid any additional confusion over his claims, Plaintiff's amended complaint **must** also abide by the following directions.

---

[1] Plaintiff may file a second lawsuit and pay a second filing fee for the claims he chooses not to pursue in this lawsuit.

1) The Plaintiff's list of Defendants should include ONLY the name of the intended Defendant and address. To avoid confusion, the specific involvement of each Defendant should be explained in the statement of the claim or body of his complaint.

2) No exhibits should be included.  Instead, all information concerning the allegations must be in the body of the complaint.

3) Plaintiff must state any intended claim one time. Plaintiff's dismissed complaint includes portions of the allegations in the list of Defendants, portions in the facts section, and portions in the listed claims.  To assist the Court in clearly interpreting his claims, Plaintiff must provide one statement of each claim in the Statement of Claims or body of his complaint.

4) For each claim, Plaintiff should clearly state what happened, when it occurred, where it occurred, and who was involved.

5) Plaintiff should not include arguments concerning exhaustion of administrative remedies in his complaint.  Plaintiff must exhaust all available administrative remedies before filing his complaint. *See* 42 U.S.C. §1997e(a).  If Defendants dispute Plaintiff has exhausted, they may file a dispositive motion and Plaintiff may respond at that time.

The instructions provided are intended to assist Plaintiff in clearly stating each claim and clearly identifying the involvement of any named Defendant. Plaintiff should also use the complaint form provided to assist him in following these directions.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed as a violation of Federal Rules of Civil Procedure 8, 18, and 20. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

2) Plaintiff must choose which claims he intends to pursue in this lawsuit and file an amended complaint in compliance with this order on or before May 13, 2022. If Plaintiff fails to file an amended complaint by the deadline or fails to follow the Court's clear directions, his case will be dismissed.

3) The Clerk is to provide Plaintiff with a complaint form to assist him and reset the internal merit review deadline within 30 days.

4) Plaintiff's motion for appointment of counsel is denied with leave to renew after he clarifies his intended claims. [5].

ENTERED this 21st day of April, 2022.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE