UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURENCE LOVEJOY,      )<br>   Plaintiff,      )<br>      )<br>vs.      )<br>      )<br>CAMERON WATSON, et. al.,      )<br>   Defendants      ) | Case No. 22- 3032 |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's Motion for Leave to File an Amended Complaint [8] and Plaintiff's Motion for Emergency Injunctive Relief. [9].

I.  BACKGROUND

Plaintiff's first, 215-page complaint was dismissed as a violation of Federal Rules of Civil Procedure 8, 18, and 20. *See* April 21, 2022 Merit Review Order.  Although Plaintiff is a very experienced litigator, the complaint was difficult to decipher and Plaintiff was clearly attempting to combine unrelated claims against different Defendants in one lawsuit.[1] *See George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").  The Court identified seven allegations from Plaintiff's complaint and advised Plaintiff he would

---

[1] Plaintiff has filed at least nine previous lawsuits pursuant to 42 U.S.C. §1983. *See* April 21, 2022 Merit Review Order, p.2 (listing cases).

1

have to choose which claims to pursue in this lawsuit. In addition, the Court provided Plaintiff with specific instructions to follow to clearly state his allegations. For instance, Plaintiff was directed to clearly state each claim one time in the body of his complaint, and not to attach exhibits.

Plaintiff submitted an amended complaint which was filed as Motion for Leave to Amend.[8]. The Motion is granted pursuant to Federal Rule of Civil Procedure 15. [8].

## II. MERIT REVIEW

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's Amended Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has now identified five Defendants from Western Illinois Correctional Center including Warden Brittany Greene, Nurse Clarkson, Dr. Dorian Trusewych, Illinois Department of Corrections (IDOC) Director Rob Jeffreys, and Wexford Health Sources. Therefore, the Court will dismiss the other 10 Defendants who are no longer identified. [2]

---

[2] Plaintiff has again attached exhibits to his complaint. The Court has previously advised Plaintiff it would only consider claims clearly stated in the body of his complaint. *See* April 21, 2022 Merit Review Order, p 5, #2.

Plaintiff has divided his Amended Complaint into two claims. Plaintiff's first claim alleges the Defendants violated his Eighth Amendment rights when they were each deliberately indifferent to his serious medical condition. Plaintiff suffers with chronic migraines approximately three to five times a month. The migraines last at least three days and involve crippling pain which renders Plaintiff unable to read, write, or leave his cell for meals for activities.

Prior to his incarceration, doctors prescribed Vicodin to successfully treat his condition. However, Defendant Dr. Trusewych would not provide this medication. Instead, the Defendant provided Plaintiff with Ibuprofen or Tylenol which did not alleviate his pain. Plaintiff claims he suffered until December 15, 2019, when the Defendant prescribed Tylenol 3 which was "effective" in treating his symptoms. Nonetheless, the prescription was canceled on January 11, 2021, and the Defendant Doctor refused to renew it. Finally, Plaintiff says Dr. Trusewych refuses to approve "lay in" food trays for the occasions when Plaintiff was unable to leave his cell for meals due to migraines. (Amd. Comp., p. 7).

Plaintiff sent a letter or "complaint" to Wexford complaining about his medical care, but the company did not investigate his claims. (Amd. Comp., p. 8). Plaintiff claims "Wexford has refused to allow me to try a medication made for treating migraines and refused to send me to (an) outside physician who specializes in treating chronic migraines on the grounds of cost." (Amd. Comp., p. 9).

An inmate may demonstrate a medical professional was deliberately indifferent if he presents "evidence that the patient repeatedly complained of enduring pain with no modifications in care." *Petties v. Carter*, 836 F.3d 722, 731 (7th Cir. 2016). However, Plaintiff is advised inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). In addition, inmates are not entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care.") (citation and internal quotation marks omitted). Instead, inmates are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267.

Therefore, Plaintiff cannot demand a specific prescription or referral to an outside provider. However, Plaintiff has adequately alleged Defendant Dr. Trusewych violated his Eighth Amendment rights when he continued with medical care he knew was ineffective to treat Plaintiff's migraines and refused lay-in food trays.

Plaintiff has failed to clearly articulate a claim against Wexford. "[A]n inmate bringing a claim against a corporate entity for a violation of his constitutional right must show that the corporation supports a 'policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners.'" *Brown v Ghosh*, 2010 WL 3893939 at 8 (N.D. Ill. Sept. 28, 2010) *quoting Woodward v Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). The corporate policy "must be the direct cause or moving force behind the constitutional violation." *Woodward*, 368 F.3d at 927, *quoting Estate of Novack ex rel. v. County of Wood,* 226 F.3d 515, 530 (7th Cir. 2000).

Plaintiff says Wexford failed to investigate his claims and failed to approve an outside provider or requested medication. He has not pointed to a specific policy or practice which resulted in a violation of his constitutional rights. Therefore, the Court will dismiss Wexford.

Plaintiff also claims because he is incarcerated, he must depend on Warden Greene and IDOC Director Jeffreys to provide medical care. Both the Warden and the IDOC Director are in supervisory roles. Neither is directly responsible for providing medical care, and "[n]on--medical officials are presumptively 'entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care.'" *Eagan v. Dempsey*, 987 F.3d 667, 694 (7th Cir. 2021), *quoting Hayes,* 546 F.3d at 527; (7th Cir. 2008); *see also Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) ("Non-medical defendants ... can rely on the expertise of medical personnel.").

"A plaintiff may rebut this presumption by showing that the 'jail officials had reason to know that their medical staff were failing to treat or inadequately treating an inmate.'" *Eagan,* 987 F.3d at 694, *quoting Miranda v. Cnty. of Lake*, 900 F.3d 335, 343 (7th Cir. 2018). However, Plaintiff does not allege either Defendant had any specific reason to know about Plaintiff's claims of inadequate medical care. Therefore, the Court will dismiss the Warden and IDOC Director.

Plaintiff's second claim is against Defendant Nurse Clarkson and Plaintiff appears to allege both deliberate indifference to his serious medical condition and retaliation. Plaintiff claims it was Defendant Clarkson who canceled his Tylenol 3

prescription, refused to take any action to renew it, and left him to suffer in pain. Plaintiff has adequately alleged an Eighth Amendment violation.

Plaintiff also claims Nurse Clarkson intentionally canceled his prescription in retaliation for his grievances against her and other medical staff. Plaintiff has adequately alleged a First Amendment retaliation claim against the Nurse.

Plaintiff makes vague reference to other retaliation and harassment, but has not provided a factual basis for any other claim.

Therefore, Plaintiff may proceed with the following three claims:

1) Defendant Dr. Trusewych violated his Eighth Amendment rights when he continued medical care he knew was ineffective to address Plaintiff's migraines and refused lay-in food trays when Plaintiff was unable to leave his cell.

2) Defendant Nurse Clarkson canceled Plaintiff's Tylenol 3 prescription, refused to take any action to renew it, and left Plaintiff to suffer in pain.

3) Defendant Nurse Clarkson canceled Plaintiff's prescription on January 11, 2021 in retaliation for his grievances.

All other intended claims and Defendants are dismissed for failure to state a claim upon which relief can be granted.

### III.  INJUNCTIVE RELIEF

Plaintiff has filed a "Motion for Emergency Injunctive Relief" which appears to request both a Temporary Restraining Order (TRO) and a preliminary injunction. [9]. A TRO can be issued without notice to the party to be enjoined, but it may last no more than fourteen days. Fed. R. Civ. P. 65(b)(2).  A court may only grant the motion if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party

can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). This relief is warranted "to prevent a substantial risk of injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). A TRO is an "emergency remedy" designed to "maintain the status quo until a hearing can be held on an application for a preliminary injunction." *Crue v. Aiken*, 137 F.Supp.2d 1076, 1082 (C.D.Ill. April 6, 2001).

On the other hand, a preliminary injunction can be issued only after the adverse party is given notice and an opportunity to oppose the motion. *See* Fed. R. Civ. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

In addition, in the context of prisoner litigation, the Prisoner Litigation Reform Act (PLRA) places further restrictions on courts' remedial power. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012); *Johnson v. Lashbrook*, 2017 WL 958509, at *1–2 (S.D.Ill. March 13, 2017). Pursuant to the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that

harm." 18 U.S.C. § 3626(a)(2); *see also Westefer*, 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

Plaintiff is advised he may only request injunctive relief which is directly related to his claims before this Court. However, Plaintiff says he is asking for emergency injunctive relief to prevent the Defendants from "engaging in unconstitutional acts such as harassment, retaliation, intimidation, threats, denying or delaying medical care or treatment, discrimination based on legal activity, and to force defendants to send this plaintiff to an outside physician so I can receive medical care or treatment." (Mot., p. 2).

Plaintiff says the Defendants have retaliated against him "for filing this lawsuit." (Mot., p. 2). This is not a claim before the Court, nor could Plaintiff bring this claim. Plaintiff could not have exhausted his administrative remedies for actions which occurred after he filed this lawsuit. In addition, the Court cannot enter a general order directing Defendants or other correctional staff not to harass Plaintiff or violate his constitutional rights. The fact that an inmate has claims pending in a case before the Court does not give the Court supervisory power of every interaction between the Plaintiff and the institution or its staff.

Plaintiff's motion also details problems he has faced signing up for sick call, but Plaintiff does not state when these incidents occurred, and more important, none of these allegations were made in his complaint.

Plaintiff does allege he is still not receiving adequate medical care or treatment, but he only specifically references migraines one time. (Mot., p. 6). Plaintiff further claims he faces irreparable injury if the Court does not grant his motion, but he has failed to provide specific facts supporting his claim. The Court does not believe Plaintiff has met his burden for a TRO. However, the Court will consider Plaintiff's motion for a preliminary injunction based on his claim that he is not receiving care for his migraines. The Court will attempt expedited service on the Defendants and require them to file an answer to Plaintiff's claim.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) Defendant Dr. Trusewych violated his Eighth Amendment rights when he continued with care he knew was ineffective and refused lay-in food trays; b) Defendant Nurse Clarkson canceled Plaintiff's Tylenol 3 prescription on January 11, 2021, refused to take any action to renew it, and left Plaintiff to suffer in pain; and c) Defendant Nurse Clarkson canceled Plaintiff's prescription on January 11, 2021 in retaliation for his grievances. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give

Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt expedited service on Defendants by mailing each Defendant a waiver of service. After Defendants have been served, the Court will set a deadline for Defendants to respond to Plaintiff's motion for a preliminary injunction.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's Motion for Leave to File an Amended Complaint. [8]. 2) Dismiss Defendants Wardens Cameron Watson, Justin Hammers, and Brittany Greene; Administrative Review Board Members DeAnna Kink, Debbie Knauer, and Sherry Benton; Nursing Director Hays; Nurses Givens and Parker; Healthcare Unit Administrator Ashcraft; Correctional Officer Hill Ruhl; IDOC Director Jeffreys, and Wexford for failure to state a claim upon**

**which relief can be granted pursuant to by 28 U.S.C. §1915A; 3) Attempt expedited service on Defendants pursuant to the standard procedures; 4) Set an internal court deadline 30 days from the entry of this order for the court to check on the status of service; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 30th day of June, 2022.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE